[L. A. No. 6451. Department One.—April 18, 1921.]

## CHARLES N. RAPFOGEL, Appellant, v. JACOB H. KLASSEN, Respondent.

[1] SLANDER—COSTS—ATTORNEYS' FEE.—The act of 1872 (Stats. 1871–72, p. 533) does not have the effect of allowing costs to a plaintiff in any case where they are not allowed by the general law, as provided in section 1022 of the Code of Civil Procedure; and the plaintiff in an action for slander is not entitled to recover counsel fees or any costs where his recovery of damages is less than three hundred dollars.

APPEAL from an order of the Superior Court of Los Angeles County striking out the cost bill in an action for damages for slander. Grant Jackson, Judge. Affirmed.

The facts are stated in the opinion of the court.

Janeway & Beach and Lester Wm. Roth for Appellant.

Charles M. Ackerman for Respondent.

SHAW, J.—The plaintiff recovered a judgment for $250 in an action for slander, begun in the superior court.

In due time thereafter he filed a cost bill, claiming only the sum of one hundred dollars as counsel fees allowed as costs, under the act of March 23, 1872. (Stats. 1871–72, p. 533.)

On motion of the defendant the court below made an order striking out said cost bill. The plaintiff appeals from this order.

Section 1022 of the Code of Civil Procedure provides that when in an action in the superior court for the recovery of money or damages the plaintiff recovers three hundred dollars or over, he is also allowed to recover his costs. Since costs are not allowed in any case except where it is so provided by statute, it follows that the plaintiff in such an action is not entitled to recover costs where he recovers less than three hundred dollars of his demand.

[1] Section 7 of the act of 1872 above mentioned provides that in an action for libel or slander, "in case plaintiff recovers judgment, he shall be allowed as costs one hundred

(100) dollars, to cover counsel fees, in addition to the other costs.'' The claim of the plaintiff is that, notwithstanding the general provisions of section 1022 of the code under which costs are not to be allowed unless the plaintiff recovers three hundred dollars or over, the effect of the act of 1872 [Stats. 1871–72, p. 533], is that the plaintiff may recover the one hundred dollars as counsel fees in an action for slander or libel, as costs, regardless of the amount of his recovery for damages. This precise question was presented and decided in *Jacobi* v. *Baur*, 55 Cal. 554. It was held in that case that the act of 1872 did not have the effect of allowing costs to the plaintiff in any case where it was not allowed by the general law, as provided in the Code of Civil Procedure, referring to section 1022 aforesaid, and, hence, that the plaintiff was entitled to recover no costs whatever, in an action for slander where his recovery of damages was less than three hundred dollars. The plaintiff attacks this decision and asks that we should overrule it. Inasmuch as it was decided in 1880 and has been followed ever since as the law of the state without question by the courts or amendment by the legislature, we are not disposed to disturb the law as thus settled and followed. Reasons may be given on either side, of course, but we must presume that they were all considered and determined by the court in the decision of that case. No sufficient reason for over-ruling the case has been presented, and we therefore adhere to the doctrine.

The judgment is affirmed.

Olney, J., and Lawlor, J., concurred.