[Civ. No. 4589. First Appellate District, Division One.—August 11, 1923.]

MONTEZUMA IMPROVEMENT CO., Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

[1] Justice's Court—Appeal—Deposit of Money—Time.—The deposit of money permitted by section 926 of the Code of Civil Procedure in lieu of an undertaking on appeal is valid where it is made within the time in which the sureties may justify under an undertaking given in the first instance, although made more than five days after the filing of the notice of appeal.

[2] Id.—Sureties—Time for Justification—Section 978a, Code of Civil Procedure.—Section 978a of the Code of Civil Procedure, relating to justification of sureties on a justice's court appeal bond, does not contemplate a complete determination of the proceedings within ten days from the filing of notice of appeal.

PROCEEDING in Prohibition to prevent the Superior Court of the City and County of San Francisco from proceeding with the trial of a certain action. Thomas F. Graham, Judge. Writ denied.

The facts are stated in the opinion of the court.

Frank McGowan and Blaine McGowan for Petitioner.

George Rosen for Respondents.

TYLER, P. J.—Petition for writ of prohibition.

The superior court refused to dismiss an appeal in an action brought in the justice's court against the petitioner herein by one Rudolph Haak. The action was one to recover the sum of $150. The case was tried on the thirtieth day of September, 1922, and judgment was rendered in favor of the defendant on the tenth day of November of the same year.

Thereafter and on the ninth day of December, 1922, and within the time limited by the statute, plaintiff served a notice of appeal from such judgment on questions of both law and fact, and at the same time filed an undertaking for the payment of costs as provided for by section 978 of the Code of Civil Procedure. On December 15th following defendant filed a notice of exception to the sufficiency of the sureties, whereupon plaintiff gave notice to the defendant that they would justify on their undertaking on December 18, 1922. They did not justify on the day noticed, but plaintiff again notified defendant that they would do so two days later. On that day, December 20th, plaintiff abandoned the justification of the sureties upon the undertaking, and in lieu thereof he deposited with the court the sum of $100, together with the costs required by section 981 of the Code of Civil Procedure, as permitted by section 926 of said code. The clerk thereupon transmitted to the superior court the papers, pleadings, and files in the case, and the matter was duly assigned by such court for trial, where the case is now pending.

Defendant moved to dismiss the appeal on the ground that the undertaking was ineffectual for any purpose. The motion was made upon the ground that the deposit made on the twentieth day of December was too late to give the court jurisdiction, as it was made eleven days after the date of the filing of the notice of appeal. The court made an order denying and overruling the motion, and petitioner alleges that it is about to proceed to a trial of the cause, and this proceeding is instituted to restrain it from so doing.

The contention here presented involves the time within which an applicant may file a deposit of money for the purpose of perfecting his appeal.

The right to make a deposit of a sum of money in lieu of an undertaking, as permitted by section 926 of the Code of Civil Procedure, is not questioned by petitioner, but it claims that the deposit, in order to be the equivalent of an undertaking on appeal, must be made within five days after the notice of appeal is filed; in other words, as we understand petitioner's contention, a party taking an appeal is put to his election to file either an undertaking or make a deposit of a sum of money in the first instance, and that when an undertaking is relied upon and the sureties fail to justify the appeal lapses, and cannot be kept in force by a deposit made within the time allowed for justification, where the deposit is substituted more than five days after the notice of appeal is filed.

[1] We are of the opinion that there is no merit in this contention.

The notice of exception to the sureties having been given on December 15, 1922, plaintiff had until December 20th following to justify. Had the sureties done so there is no question but that the appeal would have been properly effected. The mere fact that a deposit of money in lieu of an undertaking was not made in the first instance did not deprive the plaintiff of the opportunity to thereafter avail himself of this statutory privilege, even though five days had elapsed since the filing of the notice of appeal, it being made within the time in which the sureties might justify under the undertaking given.

In the case of *Laws* v. *Troutt,* 147 Cal. 172 [81 Pac. 401], there was in the first instance an undertaking filed, and exception was made to the sufficiency of the sureties, and proceedings were had for justification. There, as here, these proceedings were abandoned, and the sum of $100 was deposited in lieu of the undertaking. While the facts in that case do not show at what precise stage of the proceedings the substitution was made, and the record which would enlighten us upon the subject is not available, it must have been from the very nature of the proceedings at a period later than five days after the filing of the notice of appeal.

[2] Nor do we think, as claimed, that the statute contem-

plates a complete determination of the proceedings within ten days from the filing of notice of appeal. Section 978a of the Code of Civil Procedure, relating to the subject in question, provides in substance that the undertaking on appeal must be filed within five days after the filing of the notice of appeal, and notice of the filing of the undertaking must be given to respondent. The adverse party may then except to the sufficiency of the sureties within five days after the filing of the undertaking, and unless they or other sureties justify within five days thereafter the appeal must be regarded as if no undertaking had been filed.

The statute cannot be construed to mean that the entire proceedings shall be determined within ten days from the filing of the notice of appeal, for the right to justify can be properly exercised upon the day set for the hearing.

In *Budd* v. *Superior Court,* 14 Cal. App. 256 [111 Pac. 628], it is expressly held that where exception is taken to the sufficiency of the sureties on an undertaking given in a justice's court appeal, and other sureties justify in place of the original ones, and such justification takes place within five days after the filing of the exception, the substitution of new sureties and their justification is within due time, even though more than seven days have elapsed after service of the notice. (See, also, *Clay* v. *Superior Court,* 32 Cal. App. 189 [162 Pac. 416].)

We are of the opinion, therefore, that the plaintiff in the case below had the right under the statute to substitute the deposit, and that such substitution was made in time, it being accomplished during the pendency of the proceedings for the justification of sureties.

The writ is denied.

Richards, J., and St. Sure, J., concurred.