[Civ. No. 10673. Second Appellate District, Division Two.—February 18, 1936.]

WILLIAM ELLIS LADY, Appellant, v. MARY AGNES PALEN, Respondent.

William Ellis Lady, *in pro. per.*, and Webster Hazlehurst for Appellant.

Andrew J. Copp, Jr., for Respondent.

McCOMB, J.; *pro tem.*—Plaintiff appeals from an order striking out his cost bill after he obtained judgment in a libel action for the sum of $1 nominal damages and $200 punitive and exemplary damages.

This is the question presented for determination:

*Is the plaintiff in a libel action, who recovers a judgment for less than $2,000, entitled to have taxed as items of cost:*

*(1) The sum of $100 to cover counsel fees under section 7 of Act 4317 of the state legislature, volume II, Deering's General Laws, 1931, page 2161, and*

*(2) Other expenses incurred.*

The first item is not properly taxable according to the decision in *Rapfogel* v. *Klassen,* 185 Cal. 524 [197 Pac. 795].

Neither is the second item legally taxable, in view of the decision in *Jacobi* v. *Baur,* 55 Cal. 554, 555, cited with approval in *Rapfogel* v. *Klassen, supra,* which holds that plaintiff is not entitled to costs in a libel action beyond those allowed by the general law, as provided in the Code of Civil Procedure.

In the instant case the judgment recovered was one that could have been rendered by an inferior court within the

county and hence costs were not allowed by the general law. (Sec. 1032 (c), Code Civ. Proc.)

The point as to the constitutionality of section 1032 (c), Code of Civil Procedure, raised by plaintiff for the first time in his reply brief will not be considered by us, since no reason or excuse has been offered for not having presented the point in his opening brief. (*Newcomb* v. *Title Guarantee & Trust Co.*, 131 Cal. App. 329 [21 Pac. (2d) 456, 22 Pac. (2d) 552].)

The order appealed from is affirmed.

Crail, P. J., and Wood, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 16, 1936.