[Civ. No. 11471. Second Appellate District, Division Two.—August 31, 1937.]

W. J. LEAPER, Plaintiff and Appellant, v. N. S. GANDY, Defendant and Appellant.

Fogel, Beman & Jones, Moe Fogel and Richard K. Gandy for Defendant and Appellant.

Clay & Handy for Plaintiff and Appellant.

WOOD, J.—In an action for slander plaintiff recovered a judgment against defendant in the sum of $2,000 following the return of a jury's verdict. Defendant's motion for judgment notwithstanding the verdict was denied by the court, from which order defendant appeals. The trial court made an order striking out plaintiff's cost bill and also made an order granting defendant's motion for a new trial on the ground that the evidence is insufficient to sustain the verdict "in respect to the amount of damages". Plaintiff appeals from the two orders last mentioned.

Defendant was the owner of a certain building in the city of Riverside in which were a number of stores. One of these stores was occupied by a company selling groceries and meats and plaintiff was employed as manager of the meat department. In the rear of the building and on the same parcel of land there was a warehouse or storage room divided into two separate rooms by a partition. One of these rooms was occupied by a tenant but the other was vacant for some time and the last tenant to occupy it gave permission to plaintiff to keep his automobile in the room. Plaintiff placed his car in this vacated room during the hours of his employment, but did not obtain permission to do so from the defendant, who resides in the city of Santa Monica.

Upon one of his visits to Riverside defendant noticed plaintiff's car in the storage room. He then approached plaintiff in the store and in the presence of others and in a loud and angry voice called him a "crook", a "thief", and a "lockbreaker". He said to plaintiff: "You are a dam thief to steal a man's property . . . you broke the lock and broke into the place." The defendant also said that he was going to the district attorney and swear out a warrant for plaintiff's arrest. The witnesses who testified concerning the use of this language by defendant stated that it was made in connection with defendant's charge that plaintiff was improperly using the storage room.

Both parties contend that the language is unambiguous but they do not place the same construction upon it. Plaintiff contends that defendant's language is actionable *per se,* that it charges plaintiff with crime and tends directly to injure him in respect to his trade or business. Defendant disputes these contentions and argues that since the word "thief" was used in connection with the occupancy of the storage room it was meant to be and was understood by the auditors that no crime was charged. In our view the language is actionable *per se.* In section 418 of the Penal Code it is provided that "Every person using . . . force or violence in entering upon or detaining any lands or other possessions of another . . . is guilty of a misdemeanor." Defendant called plaintiff a lockbreaker in connection with his occupancy of the building, and threatened to swear out a warrant for plaintiff's arrest. In so doing he charged plaintiff with crime in such manner as to come within the provisions of section 46 of the Civil Code.

In the original complaint F. A. Gandy, wife of N. S. Gandy, was named defendant. When F. A. Gandy filed her answer, plaintiff amended the complaint and brought in N. S. Gandy as defendant in the action. Later the complaint was dismissed as to F. A. Gandy. When summons upon the amended complaint was served upon N. S. Gandy he moved to strike out the complaint and at the same time filed a demurrer. His motion was denied and his demurrer overruled. He then answered and the action was tried on the merits. The trial court held that he had waived his right to strike out the amended complaint by filing the demurrer. A defendant who desires to stand upon the ground that the court

is without jurisdiction over his person must specially appear for that purpose only. He must stand upon his naked legal right and ask nothing further. (3 Cal. Jur. 18.) The authorities are reviewed in *Remsberg* v. *Hackney Mfg. Co.,* 174 Cal. 799 [164 Pac. 792], where it is pointed out that the earlier contrary decisions had been reversed and that a defendant could not file an answer and, after losing the case, depend upon his claim that the court was without jurisdiction of the person. *In re Clarke,* 125 Cal. 388 [58 Pac. 22], is in point. It was there held that one cannot avail himself of the advantage of being a party and escape the responsibilities; that it would be unjust and illogical to give a defendant, whose objections to the jurisdiction of the court have been erroneously overruled, an opportunity to go to trial, and if the judgment is favorable to abide upon it, and if it is unfavorable to procure a reversal. The defendant in the present action having filed a demurrer and having proceeded to trial is not now in position to demand that the court enter a judgment in his favor notwithstanding the verdict.

Taking up the appeal of plaintiff, it is apparent that the order of the trial court granting a new trial was made because the judge considered the verdict to be so excessive as to indicate that it was the result of passion or prejudice. It was within the province of the trial court to pass upon the question of the sufficiency of the evidence and this court may not reverse the order unless it clearly appears that the trial court abused its discretion. (*Beckley* v. *Harris,* 84 Cal. App. 557 [258 Pac. 428].) In *Sherwood* v. *Kyle,* 125 Cal. 652 [58 Pac. 270], the plaintiff, a school teacher, was given a verdict in the sum of $1,000 in an action for slander. The trial court granted a motion for a new trial on the ground that the verdict was excessive and this order was affirmed. (See, also, *Bonner* v. *Los Angeles Examiner,* 17 Cal. App. (2d) 458 [62 Pac. (2d) 427].) We cannot hold that the trial court abused its discretion in the case now before us.

The appeal of the plaintiff from the order striking out his cost bill need not be considered except for the possibility that it might arise in future proceedings in the trial court. The order striking out the cost bill is in accordance with section 1032 of the Code of Civil Procedure, which provides that plaintiff shall not recover costs when the judgment

is one which could have been rendered by a municipal court. Plaintiff contends, however, that under Act 4317, Deering's General Laws, 1931, volume 2, page 2160, he was entitled to counsel fees in the sum of $100. The point was decided adversely to plaintiff's contention in *Lady* v. *Palen*, 12 Cal. App. (2d) 3 [54 Pac. (2d) 1134]. Plaintiff points out, however, that in the last-mentioned case the question of the constitutionality of section 1032 of the Code of Civil Procedure was not considered because it had not been properly presented in the briefs and asks us now to consider his argument that he is denied the equal protection of the law. The constitutionality of the statute providing for counsel fees in actions of this nature has been upheld. (*Engel* v. *Ehret*, 21 Cal. App. 112 [130 Pac. 1197]; *Carpenter* v. *Ashley*, 16 Cal. App. 302 [116 Pac. 983].) ■ Plaintiff argues that a situation different from the situation in the cases just cited is presented by the circumstances of the present case in that defendant is given the right to counsel fees in the event of winning the case whereas plaintiff is not given attorney's fees if his recovery is within the jurisdiction of the municipal court. The answer to this contention is apparent. If plaintiff had commenced his action in the proper tribunal he would have been entitled to an allowance of $100 to cover counsel fees in addition to other costs. In that event he would have been on an equal footing with his adversary. The claim of unequal treatment by the law is based upon his own error in seeking relief in the wrong tribunal.

The order denying the motion for judgment notwithstanding the verdict and the order granting a new trial are and each is affirmed. Neither party is to recover costs on appeal.

Crail, P. J., and McComb, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 23, 1937.