[No. B049614. Second Dist., Div. Five. June 26, 1991.]

PEGGY A. VERSHBOW, Plaintiff and Appellant, v.
EDWIN REINER et al., Defendants;
HOWARD DEUTCHMAN et al., Interveners and Respondents.

**COUNSEL**

Donald W. Cook for Plaintiff and Appellant.

Stephanie J. Shulman for Interveners and Respondents.

No appearance for Defendants.

**OPINION**

**BOREN, J.**—The judgment creditor in this case sought a judicial order authorizing the sale of real property she had attached to satisfy the judgment. The trial court denied the request, reasoning that the writ of attachment was invalid because the clerk of the court had issued it without requiring the creditor to post a bond. We affirm.

## FACTS

In 1983, appellant Peggy Vershbow instituted a breach of contract action against C.H.P. Holding Company and Blake Holding Company, among others, for failure to pay her a real estate sales commission. Judgment in the amount of $67,500 was given to Vershbow on April 28, 1988. Several months later, Vershbow petitioned the court to amend the judgment to add Thomas C. Blake as a judgment debtor on the grounds that he is the alter ego of C.H.P. Holding Company. Her motion to amend the judgment was granted on April 4, 1989.

After Vershbow moved to amend the judgment, but well before the court granted her motion, she applied for a writ of attachment on real property owned by Thomas C. Blake. Her application insists that there was a risk Blake would transfer the property and prevent her from collecting on her judgment. The court's order, filed on September 19, 1988, found that Vershbow's claim against Blake was probably valid, and that there was a danger Blake would make the property unavailable for levy. Accordingly, the court gave Vershbow the right to attach the property. It directed that "[t]he clerk shall issue a writ of attachment upon the filing of an undertaking in the amount of $7500.00 against defendant [Blake] for $90,000."[1]

The clerk issued a writ of attachment on September 20, 1988, and it was recorded that same day. Blake was given notice of the attachment. It is undisputed that Vershbow did not supply the $7,500 undertaking required by the court in its order of September 19, 1988, prior to issuance of the writ.

On September 30, 1988, the attached property was conveyed to respondents Howard Deutchman and Maria Elizabeth Ticses, as husband and wife (the Deutchmans, for convenience). The title report on the property revealed Vershbow's writ of attachment, which had been recorded 10 days prior to the conveyance to the Deutchmans.

One year later, in September of 1989, Vershbow applied for an order to sell the attached property. An order was issued commanding Blake and the Deutchmans to appear and show cause why the property should not be sold to satisfy Vershbow's judgment. The Deutchmans argued that the attachment was invalid because (1) Vershbow had failed to post the required undertaking, and (2) Blake was not a judgment debtor at the time the writ of

---

[1]We note that the syntax of this phrase from the Judicial Council form for an "Ex Parte Right to Attach Order" is confusing. As we interpret this clause, the clerk is ordered to "issue a writ of attachment . . . against defendant [Blake] for $90,000" but that the clerk's action is conditioned "upon filing of an undertaking in the amount of $7500."

attachment was issued. The court agreed with the Deutchmans that the writ of attachment was invalid, and denied Vershbow's request for an order to sell the property.

Vershbow appeals.

## DISCUSSION

 Our starting point is the rule that the Attachment Law statutes (Code Civ. Proc., § 481.010 et seq.) are subject to strict construction because they are purely the creation of the Legislature. (*Nakasone* v. *Randall* (1982) 129 Cal.App.3d 757, 761 [181 Cal.Rptr. 324].) [2]

The attachment statutes at issue here clearly require the posting of an undertaking prior to issuance of a writ of attachment. Section 484.520 permits the trial court, upon application by a party, to order a writ of attachment to be issued "upon the filing of an undertaking as provided by Sections 489.210 and 489.220." Section 489.210 reads, "*Before* issuance of a writ of attachment, . . . the plaintiff *shall file* an undertaking to pay the defendant any amount the defendant may recover for any wrongful attachment by the plaintiff in the action." (Italics added.) Section 489.220 provides that the amount of the undertaking shall be $7,500 in an action in the superior court.

Vershbow does not dispute that she failed to file an undertaking of $7,500 before the issuance of the writ of attachment. By failing to do so, she violated section 489.210 and ignored a court order expressly requiring the posting of an undertaking.

Vershbow contends that her obvious failure to comply with the relevant statutory procedures and the trial court's order should be overlooked because the writ was properly recorded; therefore, the Deutchmans had notice of its existence. Her argument misses the point. The point is that the writ should never have been issued after Vershbow failed or refused to post the required bond. Inasmuch as the writ was improperly issued at the outset, the mistake was not cured merely because the Deutchmans may have known there was a lien on their property.

Vershbow next attempts to shift the blame for her failure to post an undertaking upon Blake and the Deutchmans, arguing that they should have

[2]All future statutory references are to the Code of Civil Procedure.

objected to the sufficiency of the undertaking. Once again, her argument misses the point. The problem here is not the *sufficiency* of the bond: the problem is that there was no bond posted at all, in violation of the attachment statutes and the court's order. Section 995.930 permits a party to object to the sufficiency of a bond "within 10 days after service of a copy of the bond." Since no bond was filed or served, the provisions of section 995.930 never came into play.

Finally, Vershbow cannot escape the effect of her negligence by blaming the court clerk for issuing the writ of attachment without having a bond on file. ■ "It has been held repeatedly, and recently, that where a statute requires a court to exercise its jurisdiction in a particular manner, follow a particular procedure, or subject to certain limitations, an act beyond those limits is in excess of its jurisdiction" and void. (*Burtnett* v. *King* (1949) 33 Cal.2d 805, 807 [205 P.2d 657, 12 A.L.R.2d 333]. See also *Abelleira* v. *District Court of Appeal* (1941) 17 Cal.2d 280, 288-290 [109 P.2d 942, 132 A.L.R. 715].) ■ Thus, although the court clerk was careless in issuing the writ of attachment in this case, this carelessness does not legitimize the writ itself, nor alter the fact that the writ is intrinsically void because it violates the procedural requirements of the Attachment Law.

The case relied upon by Vershbow, *Stewart* v. *Justice's Court* (1935) 7 Cal.App.2d 61 [45 P.2d 424], is inapposite. There, the party seeking a writ of attachment attempted to comply with the statutory requirement of an undertaking by depositing with the court a personal check in the amount required by statute. The question was whether the delivery of the check, which was cashed by the court, constituted sufficient compliance with the statute, which required a written undertaking with two or more sureties. The court concluded that "with the money in the hands of the court, the petitioners had better security than they would have had under any written agreement to pay a similar sum in the same kind of money," and that the essential purpose of the statute, the furnishing of security, was substantially and sufficiently accomplished. (*Id.* at pp. 64-65.) In the instant case, by contrast, Vershbow made no attempt to comply with the statute by furnishing any form of undertaking, whether it be cash, check or a written bond with surety. There was no money in the hands of the court to provide security; therefore it cannot be said that the essential purpose of the statute was substantially accomplished.

In sum, we conclude that Vershbow failed to satisfy the provisions of the Attachment Law, which expressly require the posting of an undertaking *prior to* the issuance of a writ of attachment. Absent the prerequisite undertaking, the writ of attachment issued by the clerk of the court was void *ab initio*,

and the trial court was correct in refusing to allow Vershbow to execute upon it.

### DISPOSITION

The judgment is affirmed. Appellant to bear all costs on appeal.

Turner, P. J., and Grignon, J., concurred.