Opinion
 

 LILLIE, P. J.
 

 Plaintiff Jordan-Lyon Productions, Ltd. (J-L) appeals from summary judgment granted in favor of defendant Cineplex Odeon Corporation (Cineplex) on plaintiff’s complaint for damages based on allegations that Cineplex violated J-L’s lien rights under Code of Civil Procedure sections 491.440 and 491.460. The complaint alleges that in another action by J-L against New Visions Entertainment Corporation (NVEC), not a party to this action, J-L obtained a right to attach order and writ of attachment against NVEC for $99,732.40, and an order granting J-L an attachment lien on any arbitration award in a pending arbitration between Cineplex and NVEC. J-L alleges that Cineplex had notice of the lien and violated J-L’s lien rights by entering into a settlement of the arbitration with NVEC by agreeing to issue to NVEC 1.6 million shares of Cineplex stock without the written consent of J-L and without a court order. The issue on this appeal is
 
 *1463
 
 whether the trial court properly granted summary judgment in favor of Cineplex on the ground that the arbitration was not an action or special proceeding within the meaning of Code of Civil Procedure section 491.410 et seq., so that the purported lien is void.
 

 Factual and Procedural Background
 

 Inasmuch as J-L did not challenge Cineplex’s statement of undisputed facts, we consider the facts therein to be undisputed. Thus, we set out the facts as contained in Cineplex’s statement of facts, as well as those in the pleadings and declarations in the record.
 

 In October 1990, J-L filed an action against NVEC for breach of contract and an accounting, alleging that J-L produced a film and entered into an agreement with NVEC that NVEC would distribute it and give J-L 40 percent of the gross receipts from distribution; an accounting in July 1989 reflected a balance due to J-L of $95,208, which NVEC did not pay. In March 1991, J-L requested entry of default against NVEC, and the clerk entered NVEC’s default on March 29,1991. In that action, on June 19,1991, J-L obtained a right to attach order and order for issuance of writ of attachment for $99,732.40. On June 28, 1991, J-L obtained an order permitting creation of lien in the amount of $99,732.40 pursuant to Code of Civil Procedure section 491.410 et seq.
 
 [1]
 
 on “any claim, action, cause of action, proceeding, arbitration, award or judgment which defendant [NVEC] possesses, or may possess or obtain, which is presently pending in, or is related to, the arbitration . . . [NVEC, et al.] v. [Cineplex, et al.], Arbitration No. 72T140032890 (American Arbitration Association).”
 

 In March 1990, NVEC filed the foregoing arbitration proceeding, involving claims of various parties related to a 1988 joint venture agreement between NVEC and Cineplex. On July 2, 1991, J-L filed with the American Arbitration Association a notice of lien and in July 1991, also served Cineplex with a notice of filing of notice of lien in the arbitration.
 

 
 *1464
 
 On July 16, 1991, the parties to the arbitration entered into a settlement agreement and mutual release to settle all claims of any kind arising from or related to the joint venture, the arbitration, and a related lawsuit against Cineplex by another party to the arbitration. One of the provisions of the settlement agreement required that Cineplex “issue to NVEC, directly or through a subsidiary, 1.6 million common shares of Cineplex Odeon Corporation . . . .” The settlement also required that all claims in the arbitration, except those pertaining to a party not involved herein, and all claims in the pending lawsuit be dismissed with prejudice. Subsequently, Cineplex issued such shares, which at one point were being held by an escrow holder pending a determination by one or more courts in the State of California of entitlement to the shares; J-L is or has been a party to the proceedings in which entitlement to the shares will be determined. At the time Cineplex filed its motion for summary judgment in July 1993, the shares of stock were being held in trust by Bank of America pursuant to an order of a court in Toronto, Canada in
 
 Mithras Management Ltd., et al.
 
 v.
 
 New Visions Entertainment Corp., et al.,
 
 Ontario Court of Justice, General Division, file No. B299/91, pending further order by a court of competent jurisdiction in the State of California.
 

 No petition to enforce the settlement agreement or to confirm, correct or vacate the arbitration award has been filed in any court of this state.
 

 On October 16, 1991, a chapter 11 bankruptcy case was commenced naming NVEC as debtor. Therein, J-L commenced related adversary proceedings in which the priority of J-L’s lien against NVEC was disputed. The bankruptcy case was apparently still pending when J-L filed the instant complaint against Cineplex in April 1993. The complaint for damages alleges that NVEC and Cineplex entered into and executed the settlement agreement without the written consent of J-L or without court order as required by section 491.440. J-L also alleges that pursuant to the provisions of section 491.460, subdivision (c), Cineplex is liable to it for the amount of the lien, $99,732.40 plus interest.
 
 [2]
 

 Defendant’s answer denied the allegations of the unverified complaint and also asserted, inter alia, the affirmative defense of failure to state a cause of
 
 *1465
 
 action, as well as affirmative defenses labeled justification, estoppel, bad faith, and nonjoinder of indispensable parties. The latter defenses allege that J-L was aware at the time it purported to serve its notice of lien on Cineplex, that multiple conflicting lien claims had been or could be asserted against various assets of NVEC, including the 1.6 million shares of Cineplex stock; that the property received by NVEC on account of the arbitration settlement agreement were already subject to priority liens and security interests perfected by other parties, which priority liens and security interests were matters of public record by virtue of duly filed financing statements, of which J-L was aware or should have been aware; in light of the conflicting, and in some cases, superior liens, Cineplex’s actions were reasonable, legally justified, and in good faith; J-L acted in bad faith by filing the instant action. Cineplex also asserted that the issue of J-L’s lien rights and the rights of other claimants to the shares of stock is the subject of a related adversary proceeding for declaratory relief presently being adjudicated by the bankruptcy court.
 

 Cineplex moved for summary judgment on the ground that the lien provisions in section 491.410
 
 (ante,
 
 fn. 1) only apply to “actions,” and “special proceedings” and a contractual arbitration and award that has not been brought before the court for confirmation does not constitute either an action or proceeding; thus, no lien was created. J-L opposed the motion, arguing that contractual arbitrations are special proceedings because they are “remedies” within the meaning of section 23.
 
 [3]
 

 
 *1466
 
 After hearing, the court granted the motion for summary judgment, providing in its order that “the arbitration in which the lien was filed and served was not an ‘action’ or a ‘special proceeding’ within the meaning of Code of Civil Procedure §§ 491.410 et seq.” J-L filed timely notice of appeal from the judgment.
 

 Discussion
 

 The primary issue on this appeal is whether the trial court correctly determined that J-L did not state any claim for relief under the provisions of section 491.410 et seq. because J-L did not have a valid lien. Whether a person not a party to contractual arbitration can obtain and enforce a lien under the foregoing statutes with respect to a controversy subject to pending contractual arbitration between the defendant and a third party appears to be an issue of first impression in courts of the State of California.
 

 “Our starting point is the rule that the Attachment Law statutes (Code Civ. Proc., § 481.010 et seq.) are subject to strict construction because they are purely the creation of the Legislature.”
 
 (Vershbow
 
 v.
 
 Reiner
 
 (1991) 231 Cal.App.3d 879, 882 [282 Cal.Rptr. 684].) Thus, “ ‘. . . where a statute requires a court to exercise its jurisdiction in a particular manner, follow a particular procedure, or subject to certain limitations, an act beyond those limits is in excess of its jurisdiction’ and void.”
 
 (Id.
 
 at p. 883.)
 

 Inasmuch as the Attachment Law does not contain its own definitions of “action” or “special proceeding,” we deem applicable here the definitions set out in sections 20, 21, 22, and 23.
 
 (Ante,
 
 fn. 3.) Those sections are clear and unambiguous in providing that a special proceeding is a type of judicial remedy. In other words, the reference in section 21 to “These remedies” and in section 23 to “Every other remedy” reasonably can only be interpreted to refer back to the term “Judicial remedies” in section 20. Thus, reading section 491.410 in connection with sections 20 through 23, we conclude that the contractual arbitration conducted herein was outside the judicial system and was an independent proceeding, neither an action nor a special proceeding within the meaning of section 491.410.
 
 [4]
 

 Our interpretation of the foregoing statute is consistent with other aspects of the statutory scheme pertaining to the creation of liens in pending actions
 
 *1467
 
 or proceedings, the statutes involving contractual arbitration, as well as cases analyzing the relationship of contractual arbitration to other provisions of the Code of Civil Procedure.
 

 We find nothing in the statutory scheme of section 491.410 et seq. which explicitly or impliedly contemplates that a controversy pending in contractual arbitration constitutes an action or special proceeding.
 
 [5]
 
 Rather, the statutes expressly contemplate that the pending action or special proceeding be in a
 
 court.
 
 For example, sections 491.430, 491.440, and 491.460, pertaining to intervention and enforcement rights, all contain references to “the court” or to the “court in which the action or special proceeding ... is pending.” Further, section 491.450, subdivision (a), directs that “the court clerk shall endorse upon the judgment recovered in the action or special proceeding a statement of the existence of the lien and the time it was created.” Section 491.470 also permits the defendant (i.e., plaintiff in the action or special proceeding) to apply for an exemption from attachment “by application on noticed motion to the court in which the action or special proceeding is pending . . . .”
 

 
 *1468
 
 The foregoing provisions all expressly provide that the pending action or proceeding be in a court. As stated by the California Law Revision Commission Report with respect to section 491.415 (dealing with right to attach orders and orders permitting creation of lien) and section 491.470: “Proceedings under Section 491.415 are in the court where the plaintiff’s action against the defendant is pending, whereas proceedings under Section 491.470 are in the court where the action involving the defendant’s right to money or property is pending.” (17 Cal. Law Revision Com. Rep. (Nov. 1983) p. 997.)
 

 We conclude that the foregoing statutory scheme does not contemplate the creation of a section 491.410 lien in a pending contractual arbitration. To so interpret the statutes would be to deprive parties to arbitration of certain remedies set out in sections 491.440 and 491.470 because parties engaged in contractual arbitration would not meet the venue requirements for those provisions because they are not before any court. To the extent that appellant implies that the foregoing problems can be resolved by simply interpreting the references to “court” in the foregoing sections to include “arbitrator,” we decline to do so as “Arbitrators do not have the power to provide all the remedies which are available from the superior court”
 
 (Marsch
 
 v.
 
 Williams
 
 (1994) 23 Cal.App.4th 238, 245 [28 Cal.Rptr.2d 402]), and appellant fails to establish the instant arbitrator had either contractual or statutory authority to address issues pertaining to liens asserted under section 491.410 by a person not a party to the arbitration.
 

 Moreover, it has been recognized that a contractually based arbitration proceeding “can be brought to a conclusion entirely extrajudicially, and ... the judiciary’s supervision is limited to confirming, vacating, or correcting any resultant award.”
 
 (Brock
 
 v.
 
 Kaiser Foundation Hospitals
 
 (1992) 10 Cal.App.4th 1790, 1806 [13 Cal.Rptr.2d 678]; see also
 
 Nanfito
 
 v.
 
 Superior Court
 
 (1991) 2 Cal.App.4th 315, 318 [2 Cal.Rptr.2d 876].)
 

 As recognized in another context, involving the issue of whether the Government Tort Claims Act applies to contractual arbitration proceedings, “When parties voluntarily agree to submit their controversy to the arbitration process, they ‘remove it from the procedures applicable to trial. They thereupon [become] bound by the rules of law pertaining to arbitration.’
 
 (Severtson
 
 v.
 
 Williams Construction Co.
 
 (1985) 173 Cal.App.3d 86, 91 . . . .) Nonjudicial arbitration proceedings are generally regulated by the procedural rules established by the arbitration agency; such proceedings are not necessarily controlled by the Code of Civil Procedure unless expressly provided by that code (§ 1280 et seq.), by the arbitration rules, by the
 
 *1469
 
 parties’ contract, or other provisions of law regulating such nonjudicial arbitration.
 
 (Workman
 
 v.
 
 Superior Court
 
 (1986) 176 Cal.App.3d 493, 498. . . .)”
 
 (Paramount Unified School Dist.
 
 v.
 
 Teachers Assn. of Paramount
 
 (1994) 26 Cal.App.4th 1371, 1387 [32 Cal.Rptr.2d 311].) “Inasmuch as the binding arbitration conducted herein was an
 
 alternative
 
 to judicial adjudication, it is clear that there never was, and will never be, a judicial adjudication of the parties’ dispute. The trial court’s involvement was limited to the entertaining of a special proceeding to confirm or to vacate the award.”
 
 (Ibid.,
 
 italics in original.)
 

 Another court has also concluded that a contractual arbitration is not an action or special proceeding for purposes of the Civil Discovery Act of 1986, stressing the “general principle that the contractual arbitration has a life of its own outside the judicial system.”
 
 (Brock
 
 v.
 
 Kaiser Foundation Hospitals, supra,
 
 10 Cal.App.4th at p. 1805.)
 

 In
 
 Brock,
 
 the court noted that the superior court lacks authority to order and enforce discovery in arbitration proceedings. “The Civil Discovery Act of 1986 (§§ 2016-2036) authorizes, as did its predecessor, various types of discovery in a pending ‘action.’ (§ 2017, subd. (a).) The term ‘ “Action” includes a civil action and a special proceeding of a civil nature.’ (§ 2016, subd. (b).) But arbitration, it has been held, is not a ‘special proceeding’ within the meaning of the Civil Discovery Act. As the court ruled in
 
 McRae
 
 v.
 
 Superior Court
 
 (1963) 221 Cal.App.2d 166 . . . , ‘arbitration itself is not a “special proceeding” as contemplated by the provisions of the Code of Civil Procedure relating to depositions.’ [Citation.] Indeed, court-ordered discovery in arbitration proceedings would defeat the very purpose of arbitration. ‘When it has been determined that arbitration should be pursued and all judicial proceedings have been suspended until completion of the arbitration, it would be wholly incompatible with established policies of the law to permit the court thereafter to intervene in, and necessarily interfere with, the arbitration ordered. In large measure, it not only would preclude the parties from obtaining “an adjustment of their differences by a tribunal of their own choosing,” but it also would recreate the very “delays incident to a civil action” that the arbitration agreement was designed to avoid.’ . . . In short, ‘the provisions of the new discovery law are not applicable to [contractual] arbitration.’ ”
 
 (Brock
 
 v.
 
 Kaiser Foundation Hospitals, supra,
 
 10 Cal.App.4th at p. 1802.)
 

 The court in
 
 Brock
 
 also concluded that the superior court does not have jurisdiction to dismiss an arbitration proceeding for refusal of discovery (10 Cal.App.4th at p. 1803), or for failure to diligently prosecute it.
 
 (Id.
 
 at pp.
 
 *1470
 
 1805, 1807.) As explained in
 
 Brock,
 
 the superior court has “jurisdiction to grant a petition to compel arbitration under section 1281.2” (10 Cal.App.4th at p. 1804), and to “grant a stay of the action at law.”
 
 (Ibid.)
 
 However, the “continuing jurisdiction [under section 1292.6, pertaining to subsequent petitions] is to entertain petitions
 
 under title 9
 
 relating to the same arbitration.”
 
 (Ibid.,
 
 original italics.) The court then noted that there is no provision in title 9, “the font of the trial court’s jurisdiction over the arbitration proceeding” (10 Cal.App.4th at p. 1805), for a petition to dismiss the arbitration. “Again, no precedent is provided for this judicial usurpation of authority over contractual arbitration proceedings, nor are we convinced of the necessity of judicially creating this remedy when there are already adequate bases for relief.”
 
 (Ibid.)
 

 We believe that the rationale of
 
 Brock
 
 is applicable to the instant case and militates against interpreting the term “special proceeding” in section 491.410 to include contractual arbitration. Such interpretation would result in judicial usurpation of authority over contractual arbitration proceedings and a subversion of the limited judicial review afforded arbitration awards. In other words, if a lien can be created under the instant circumstances, the attachment law would afford an opportunity for a nonparty to the arbitration to control the arbitration proceedings or to mount a collateral attack on an arbitration award, when parties to the arbitration are themselves afforded only limited judicial review of such awards. “Our Supreme Court recently reiterated the strong public policy in favor of arbitration as a speedy and relatively inexpensive means of dispute resolution.
 
 (Moncharsh
 
 v.
 
 Heily & Blase
 
 (1992) 3 Cal.4th 1, 9. . . .) Because of this important public policy, arbitration awards are subject to an extremely narrow judicial review. We cannot review the merits of the controversy, the validity of the arbitrator’s reasoning, or the sufficiency of the evidence supporting an arbitrator’s award. [Citations.] The exclusive grounds for vacating an arbitration award are those listed in [Code of Civil Procedure] section 1286.2.”
 
 (Luster
 
 v.
 
 Collins
 
 (1993) 15 Cal.App.4th 1338, 1344-1345 [19 Cal.Rptr.2d 215].)
 

 Our conclusion that J-L could not assert a section 491.410 lien in the instant arbitration is also consistent with that part of title 9 of part 3 of the Code of Civil Procedure which expressly addresses the issue of provisional remedies in arbitration. To the extent that the arbitration provisions allow provisional remedies in connection with arbitration, the statutory scheme affords such remedies only to a
 
 “party
 
 to an arbitration agreement.” (§ 1281.8, subd. (b), italics added.) Pursuant to subdivision (b) of section 1281.8, “A party to an arbitration agreement may file in the court in the county in which an arbitration proceeding is pending, or if an arbitration
 
 *1471
 
 proceeding has not commenced, in any proper court, an application for a provisional remedy in connection with an arbitrable controversy, but only upon the ground that the award to which the applicant may be entitled may be rendered ineffectual without provisional relief. The application shall be accompanied by a complaint or by copies of the demand for arbitration and any response thereto. . . .” As provided in section 1281.8, subdivision (a), “provisional remedy” includes “Attachments and temporary protective orders issued pursuant to Title 6.5 (commencing with Section 481.010) of Part 2.”
 

 Thus, to the extent the Legislature has expressly addressed the issue of the availability of provisional remedies in pending arbitration, it has permitted such remedies only for a
 
 party
 
 to an arbitration agreement. As J-L does not assert it is a party to any arbitration agreement with NVEC or Cineplex, J-L does not fall within the provisions of section 1281.8. “Section 1281.8 was enacted primarily to allow a party to an arbitration to obtain provisional judicial remedies without waiving the right to arbitrate, as some early cases had suggested. . . . The logical reason for the requirement that an applicant be required to show that an arbitration award may be rendered ineffectual is to ensure that the court does not invade the province of the arbitrator—i.e., the court should be empowered to grant provisional relief in an arbitrable controversy only where the arbitrator’s award may not be adequate to make the aggrieved party whole.”
 
 (Woolley
 
 v.
 
 Embassy
 
 Suites,
 
 Inc.
 
 (1991) 227 Cal.App.3d 1520, 1527 [278 Cal.Rptr. 719].)
 

 Thus, construing section 1281.8 in connection with the statutes providing for liens in pending actions or proceedings, we conclude that the Legislature did not intend arbitration to constitute a “pending action or special proceeding” within the meaning of section 491.410 et seq. To construe the latter lien provisions to apply to contractual arbitration would create the very problem which the
 
 Woolley
 
 court stated section 1281.8 was designed to prevent: an invasion by the court of the province of the arbitrator. (See fn. 5,
 
 ante.)
 
 In other words, appellant’s construction of the lien statutes creates a disincentive for arbitration, which is contrary to the strong public policy in favor of arbitration as a speedy and relatively inexpensive means of dispute resolution.
 
 (Moncharsh
 
 v.
 
 Heily & Blase
 
 (1992) 3 Cal.4th 1, 9 [10 Cal.Rptr.2d 183, 832 P.2d 899].) For all of the foregoing reasons, we reject appellant’s construction of the term “special proceeding” in section 491.410 to include contractual arbitration.
 

 Relying on
 
 Moore
 
 v.
 
 Conliffe
 
 (1994) 7 Cal.4th 634 [29 Cal.Rptr.2d 152, 871 P.2d 204], appellant argues that contractual arbitration should be considered a “judicial remedy” because it is functionally equivalent to court
 
 *1472
 
 proceedings. In
 
 Moore,
 
 the court held that private arbitration was a “judicial proceeding” for purpose of affording witnesses who testify in depositions in connection therewith the litigation privilege of Civil Code section 47, subdivision (b). (7 Cal.4th at p. 650.)
 

 The court in
 
 Moore
 
 rejected plaintiffs’ contention that the reference in Civil Code section 47, subdivision (b)(2), to “any . . . judicial proceeding,” does not encompass private contractual arbitration proceedings because such phrase “has been interpreted in past California cases to apply not only to court proceedings, but also to those ‘quasi-judicial’ proceedings, such as private arbitration proceedings, that are functionally equivalent to court proceedings” (7 Cal.4th at p. 645), and “the significant purposes furthered by section 47(b)(2)—i.e., encouraging witnesses to provide open and candid testimony, and preserving the integrity and finality of dispute resolution— strongly support application of the privilege to private arbitration proceedings.” (7 Cal.4th at p. 649.) Further, the court noted that its conclusion “is consistent with the great weight of authority in those other jurisdictions that have addressed the issue.” (7 Cal.4th at p. 650.)
 

 The reasoning in
 
 Moore
 
 has no logical relationship to the issue before us now. The history and policies underlying the litigation privilege of Civil Code section 47, subdivision (b), and the issue of whether that privilege is afforded to witnesses testifying in connection with an arbitration proceeding, have no logical bearing on the issue of whether the terms “action” and “special proceeding” in section 491.410 of the Attachment Law include an arbitration proceeding.
 

 We also find without merit appellant’s belated challenge to the summary judgment on the grounds that the instant complaint states causes of action for conversion and interference with prospective economic advantage. These theories were not raised below in opposition to the motion for summary judgment, and the complaint, even liberally construed, fails to allege the elements of such causes of action. “The rule which forbids raising a new issue for the first time on appeal takes on added significance in summary judgment proceedings because ‘[t]he moving party’s burden on a motion for summary judgment is only to “negate the existence of triable issues of fact in a fashion that [entitles] it to judgment on the issues raised by the pleadings. [Citation.] It [is] not required to refute liability on some theoretical possibility not included in the pleadings.” [Citation.]’ ”
 
 (Munro
 
 v.
 
 Regents of University of California
 
 (1989) 215 Cal.App.3d 977, 989 [263 Cal.Rptr. 878].) Moreover, to the extent the newly asserted theories are premised on the allegation of the existence of a section 491.410 lien, no
 
 *1473
 
 causes of action could be stated because we have determined that no such lien was created as a matter of law.
 

 Disposition
 

 The judgment is affirmed. Respondent is entitled to its costs on appeal.
 

 Woods (Fred), J., and Woods (A. M.), J.,
 
 *
 
 concurred.
 

 [1]
 

 Unless specified, all references are to the Code of Civil Procedure.
 

 Chapter 11 of title 7 is captioned “Attaching Plaintiff’s Miscellaneous Remedies.” Article 3 of chapter 11, captioned “Lien in Pending Action or Proceeding,” contains section 491.410, subdivision (a), which provides: “If the defendant is a party to a pending action or special proceeding, the plaintiff may obtain a lien under this article, to the extent required to secure the amount to be secured by the attachment, on both of the following: [5] (1) Any cause of action of the defendant for money or property that is the subject of the other action or proceeding, if the money or property would be subject to attachment if the defendant prevails in the action or proceedings. [5] (2) The rights of the defendant to money or property under any judgment subsequently procured in the other action or proceeding, if the money or property would be subject to attachment.”
 

 [2]
 

 Section 491.440 provides in pertinent part: “(a) . . . [U]nless the lien is released, the judgment recovered in the action or special proceeding in favor of the defendant may not be enforced by a writ or otherwise, and no compromise, dismissal, settlement, or satisfaction of the pending action or special proceeding or the judgment procured therein may be entered into by or on behalf of the defendant, without the written consent of the plaintiff or authorization by order of the court obtained under subdivision (b). [1] (b) Upon application by the defendant, the court in which the action or special proceeding subject to the lien under this article is pending or the judgment procured therein is entered may, in its discretion, after a
 
 *1465
 
 hearing, make an order described in subdivision (a) that may include such terms and conditions as the court deems necessary. . . .” Section 491.460, subdivision (c), provides in pertinent part: “If the court determines that a party (other than the defendant) having notice of the lien created under this article has transferred property that was subject to the lien, or has paid an amount to the defendant that was subject to the lien, the court shall render judgment against the party in an amount equal to the lesser of the following: [1] (1) The value of the defendant’s interest in the property or the amount paid to the defendant. [1] (2) The amount of the plaintiffs lien created under this article.”
 

 Subdivision (d) of section 491.460 provides: “A judgment or order under this section may be enforced in the same manner as it could be enforced if it had been obtained by the defendant against the third party; but, prior to entry of judgment in favor of the plaintiff against the defendant, any money or property obtained in enforcing the judgment or order against the third party shall be paid or delivered into court to abide the judgment in the action of the plaintiff against the defendant or shall be held by a levying officer, or otherwise held, as ordered by the court.”
 

 [3]
 

 Section 20 provides: “Judicial remedies are such as are administered by the courts of justice, or by judicial officers empowered for that purpose by the Constitution and statutes of this State.”
 

 Section 21 provides: “These remedies are divided into two classes: [1] 1. Actions; and [J] 2. Special proceedings.”
 
 *1466
 
 Section 22 provides: “An action is an ordinary proceeding in a court of justice by which one party prosecutes another for the declaration, enforcement, or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense.”
 

 Section 23 provides: “Every other remedy is a special proceeding.”
 

 [4]
 

 In this case there were no related petitions filed in the superior court to compel arbitration (see § 1281.2), or to confirm, correct or vacate the award, (see § 1285). Thus, we do not address the issue of the availability of a section 491.410 lien in any such proceedings. The
 
 *1467
 
 only issue we address here is whether a valid lien under section 491.410 was created, i.e., whether the controversy pending before the American Arbitration Association was a “pending action or special proceeding” within the meaning of section 491.410. Thus, we find inapposite language in
 
 San Diego Tavern etc. Assn.
 
 v.
 
 Local Joint Executive Board
 
 (1959) 174 Cal.App.2d 246, 249 [344 P.2d 350], that an arbitration is a special proceeding, inasmuch as the case involved the availability of costs to a party who obtained a judgment confirming an arbitration award.
 

 [5]
 

 Whether or not J-L had a valid lien, another issue arises in this case as to whether the provisions of sections 491.440 and 491.460 afford the basis for an
 
 independent civil action
 
 for damages by J-L against Cineplex. Section 491.440 does not expressly authorize such an independent civil action for damages; rather, that section affords the plaintiff with a valid lien the opportunity, inter alia, to intervene in the pending action or special proceeding and to consent to or to challenge any judgment, settlement, or dismissal therein. Similarly, no independent civil action for damages is expressly authorized by the provisions of section 491.460, subdivisions (c) and (d)
 
 (ante,
 
 fn. 2). Rather, assuming that Cineplex had indeed transferred property subject to a lien to NVEC as part of the arbitration settlement, the remedy afforded to J-L by subdivision (d) of section 491.460 would be a “judgment” against Cineplex, which “judgment” would not be immediately enforceable by J-L, but would be “paid or delivered into court to abide the judgment in the action of the plaintiff [J-L] against the defendant [NVEC] or shall be held by a levying officer, or otherwise held, as ordered by the court.” Of course, the foregoing provision contemplates that the “judgment” against the third party is rendered by a
 
 court,
 
 the same court in which the action or special proceeding is pending. In this case, where J-L maintains that the arbitration constituted the pending special proceeding, it is unclear how the statutory remedies set out in subdivisions (c) and (d) of section 491.460 could be administered. Thus, even if a valid lien was created with respect to the arbitration settlement, a question arises as to whether the instant complaint states a cause of action. We need not resolve this issue here, inasmuch as we uphold the granting of the summary judgment on another point. However, our holding on that point should not be interpreted to intimate any conclusion that sections 491.440 and 491.460 provide a basis for an independent action for damages against a third party.
 

 *
 

 Presiding Justice of the Court of Appeal, Second District, Division Four, sitting under assignment by the Chairperson of the Judicial Council.