Filed 1/14/25  Carraman v. Pyburn CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

|  |  |
|---|---|
| FELIPE RICKY CARRAMAN, Plaintiff and Appellant, v. LINDA PYBURN, Defendant and Respondent. | B327100 (Los Angeles County Super. Ct. No. 21STCV09003) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Kerry Bensinger, Judge.  Affirmed.

Law Offices of Ted B. Wacker, Vincent D. Howard; The Arkin Law Firm and Sharon J. Arkin for Plaintiff and Appellant.

The Safarian Firm, Christina S. Karayan and Harry A. Safarian for Defendant and Respondent.

## INTRODUCTION

Plaintiff was injured by a falling branch while trimming trees on defendant's property. Plaintiff filed suit against defendant, alleging a single cause of action for negligence. The trial court granted defendant's motion for summary judgment, concluding that plaintiff was acting as an independent contractor and that under the doctrine established in *Privette v. Superior Court* (1993) 5 Cal.4th 689 (*Privette*), defendant could not be held liable for his injuries. Plaintiff appeals, arguing that under Labor Code section 2750.5, he was entitled to a statutory presumption that he was acting as defendant's employee because he did not have the license required to trim defendant's trees. As the trial court correctly determined that Business and Professions Code section 7048[1] exempted plaintiff from the licensure requirement, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case are largely undisputed. Defendant and respondent Linda Pyburn (Pyburn) owned real property located in Castaic, California. Beginning in 2012 or 2013, Pyburn would regularly hire plaintiff and appellant Felipe Ricky Carraman (Carraman) to perform work at the Castaic property, including weed abatement, tree trimming, trash hauling, and painting. In March 2019, Pyburn again hired Carraman to trim oak trees on the property that varied in height from 20 to 30 feet.

Carraman's assistant, Jaime Avila (Avila), worked with him on the job. Carraman used Pyburn's ladder to trim the trees, but otherwise supplied his own tools. Pyburn provided general comments that she wanted the trees to

---

[1] All further statutory references are to the Business and Professions Code unless otherwise stated.

2

look uniform, but it was ultimately left up to Carraman to determine how to approach trimming each tree.  As Carraman and Avila were finishing their work, Pyburn came out of the house and asked them to cut a specific tree branch.  When Carraman cut the branch, it fell and hit the ladder he was standing on, knocking him to the ground.  Carraman suffered various alleged injuries in the accident, including fractures to his ribs and spine, vertigo, and a concussion.  Carraman was paid $300 for the tree trimming job.

I.    *Carraman's Complaint*

On March 8, 2021, Carraman filed suit against Pyburn asserting a single cause of action for negligence.  Carraman asserted that under section 7026, a license is required to trim trees over 15 feet tall.  Carraman claimed that because he was not licensed for the job, he was deemed to be acting as Pyburn's employee as a matter of law.  Carraman also pointed to certain California OSHA regulations and Labor Code sections that Pyburn allegedly failed to satisfy.

II.    *Pyburn's Motion for Summary Judgment/Adjudication*

Pyburn filed a motion for summary judgment or summary adjudication on Carraman's cause of action for negligence.  In her motion, Pyburn argued the undisputed facts showed she was not negligent in maintaining her property.  Alternatively, she argued that Carraman was acting as an independent contractor in trimming her trees and that under the *Privette* doctrine, there was a rebuttable presumption that she could not be held liable for injuries Carraman suffered as an independent contractor.  She also argued that none of the exceptions to the *Privette* rule applied.

3

Carraman opposed Pyburn's motion. He argued Pyburn failed to carry her burden in moving for summary judgment because her arguments were based on the assumption Carraman was acting as an independent contractor in trimming Pyburn's trees. Carraman argued that a license was required to trim Pyburn's trees because they were more than 15 feet tall. He claimed that under Labor Code section 2750.5, he was entitled to the presumption that he was acting as Pyburn's employee because he did not have the requisite license. Accordingly, Carraman claimed *Privette* and its progeny did not apply.

In her reply, Pyburn acknowledged that under section 7026.1, a license is required to trim trees that are over 15 feet tall. However, Pyburn argued that under the "small operations exception" codified in Business and Professions Code section 7048, a license is not required for any work where the aggregate contract price is less than $500. Pyburn claimed that because Carraman was paid $300 for the tree trimming, section 7048 applied and exempted Carraman from the licensure requirement. Thus, Pyburn concluded Labor Code section 2750.5 did not apply, and Carraman was not presumed to be acting as an employee.

Pyburn's motion was heard on December 7, 2022. At the hearing, Pyburn's counsel requested that further briefing be allowed regarding the application of Labor Code section 2750.5. The court agreed and ordered the parties to submit supplemental briefing.

Pyburn submitted additional briefing, again arguing that under section 7048, Carraman was not required to be licensed to trim Pyburn's trees because the work was valued at less than $500. In his supplemental brief, Carraman argued that to trigger section 7048, Pyburn had to show both that the work was valued at less than $500 and make a separate showing that the

4

work in question was "considered of casual, minor, or inconsequential nature." Carraman admitted the first condition was met, but argued a triable issue of material fact remained as to whether Carraman's tree trimming work was deemed "casual, minor, or inconsequential" under section 7048.

After the second hearing, the court took the matter under submission. On February 6, 2023, the trial court issued an order granting Pyburn's motion. The court rejected Carraman's interpretation of section 7048, finding it was not supported by the plain language of the statute. The court determined that because the cost of the tree trimming was below $500, the small undertakings exception codified in section 7048 applied as a matter of law. Because the exception applied, the court determined there was no presumption that Carraman was acting as Pyburn's employee at the time of the accident. The court then determined Carraman was instead acting as an independent contractor, and that Pyburn could not be held liable for Carraman's injuries under the *Privette* doctrine.

On March 6, 2023, the court entered judgment in Pyburn's favor.

III.  *Appeal*

Carraman timely appealed the judgment. On appeal, Carraman raises two issues. First, he argues a triable issue of material fact remains regarding the application of section 7048. Second, he contends Pyburn failed to meet her burden of proof because she did not present evidence regarding the OSHA violations alleged in his complaint.

5

**DISCUSSION**

I.   *Standard of Review*

"A party is entitled to summary judgment only if there is no triable issue of material fact and the party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).)  A defendant moving for summary judgment must show that one or more elements of the plaintiff's cause of action cannot be established or that there is a complete defense.  (*Id.*, subd. (p)(2).)  If the defendant meets this burden, the burden shifts to the plaintiff to present evidence creating a triable issue of material fact.  (*Ibid.*)  A triable issue of fact exists if the evidence would allow a reasonable trier of fact to find the fact in favor of the party opposing summary judgment.  (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.)"  (*Grebing v. 24 Hour Fitness USA, Inc.* (2015) 234 Cal.App.4th 631, 636–637.)

"We review the trial court's decision de novo, considering all of the evidence the parties offered in connection with the motion (except that which the court properly excluded) and the uncontradicted inferences the evidence reasonably supports."  (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 476.)  "'[W]e review the trial court's rulings and not its reasoning.'"  (*Coral Construction, Inc. v. City and County of San Francisco* (2010) 50 Cal.4th 315, 336, quoting *People v. Mason* (1991) 52 Cal.3d 909, 944.)

II.   *Business and Professions Code section 7048*

It is undisputed that, absent a statutory exemption, sections 7026.1 and 7028 required Carraman to be licensed to trim Pyburn's trees.  It is also undisputed that if Carraman was required to be licensed and wasn't, then under Labor Code section 2750.5, a presumption arises that he was acting as Pyburn's employee and not as an independent contractor.  The crux of this

6

case is whether section 7048 exempted Carraman from the licensure requirement. If Carraman was exempted from the licensure requirement for tree trimming, then Labor Code section 2750.5 does not apply and there is no presumption that Carraman was acting as Pyburn's employee. Carraman contends the trial court misinterpreted section 7048 in finding that it exempted Carraman from the licensure requirement. Carraman argues a triable issue of material fact exists regarding the application of section 7048, and therefore the court erred in finding the exemption applies to Carraman as a matter of law.

1. *Principles of Statutory Interpretation*

"The fundamental rule of statutory construction is that the court should ascertain the intent of the Legislature so as to effectuate the purpose of the statute." (*Law Office of Carlos R. Perez v. Whittier Union High School Dist.* (2023) 87 Cal.App.5th 463, 472.) "In doing so, we look first to the words of a statute, 'because they generally provide the most reliable indicator of legislative intent.' [Citation.]" (*Pineda v. Williams-Sonoma Stores, Inc.* (2011) 51 Cal.4th 524, 529 (*Pineda*).) "We give the words their usual and ordinary meaning [citation], while construing them in light of the statute as a whole and the statute's purpose [citation]. 'In other words, "we do not construe statutes in isolation, but rather read every statute "with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness."'" [Citation.]" (*Id.* at pp. 529–530.)

"The law of statutory interpretation instructs us to apply the usual and ordinary meaning of words unless a definition is provided within the statute itself. Internal definitions are controlling." (*Witt Home Ranch, Inc. v. County of Sonoma* (2008) 165 Cal.App.4th 543, 559.) "If the words themselves are

7

not ambiguous, we presume the Legislature meant what it said, and the statute's plain meaning governs." (*DeNike v. Mathew Enterprise, Inc.* (2022) 76 Cal.App.5th 371, 378; see also *City of Alhambra v. County of Los Angeles* (2012) 55 Cal.4th 707, 719 ["'We consider extrinsic aids, such as legislative history, only if the statutory language is reasonably subject to multiple interpretations'"].)

We review questions of statutory interpretation de novo. (*Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 527.

2.     *The Trial Court Correctly Interpreted and Applied section 7048*

Section 7048 is comprised of three paragraphs. Carraman's argument on appeal centers on the first paragraph of the statute, which provides: "This chapter does not apply to any work or operation on one undertaking or project by one or more contracts, the aggregate contract price which for labor, materials, and all other items, is less than five hundred dollars ($500), that work or operations being considered of casual, minor, or inconsequential nature."

The trial court interpreted this language as imposing a single $500 threshold and determined that all work below this threshold was deemed to be casual or inconsequential. Accordingly, the trial court concluded the exemption applied to Carraman because it was undisputed that the contract price for his work was below the $500 threshold. Carraman argues this conclusion was error. Carraman insists the first paragraph of section 7048 imposes a two-part test rather than a single $500 threshold. Under Carraman's interpretation, the exemption was not triggered simply because the contract price was below $500, instead he argues there must also be a separate and independent finding that the work in question is "of casual,

8

minor, or inconsequential nature." Carraman argues this second question must be resolved by a jury, and thus Pyburn did not carry the burden of establishing both prongs of section 7048 in moving for summary judgment. We disagree.

As relevant here, the statute states, "This chapter does not apply to any work . . . the aggregate contract price [for which] is less than five hundred dollars ($500), that work or operations being considered of casual, minor, or inconsequential nature." This language is plain and unambiguous. It imposes a single $500 threshold under which work is exempted from licensure requirements that would otherwise apply under other provisions of the Business and Professions Code. The clause "that work or operations being considered of casual, minor, or inconsequential nature" does not impose a substantive second requirement to trigger the exemption. Instead, this clause is descriptive language explaining why work below the $500 threshold triggers the exemption: because the Legislature has determined such work is casual, minor, or inconsequential as a matter of law. There is no conjunctive language suggesting this clause must be read as imposing a substantive additional requirement beyond the $500 threshold, nor is there any language that suggests this clause is meant to be additive rather than descriptive. Put simply, nothing in the plain language of the statute suggests or implies that the Legislature was imposing a two-part test for the exemption.

Other authorities examining section 7048 have come to the same conclusion. One court discussing section 7048 described it as "the general statutory $500 threshold for needing a contractor's license" without reference to any additional requirement. (*Jones v. Sorenson* (2018) 25 Cal.App.5th 933, 941; see also *People v. Vis* (1966) 243 Cal.App.2d 549, 559.) Secondary sources have similarly described the exemption as a single $500 threshold

rather than a two-part test. (See e.g. 1 Witkin, Summary of Cal. Law (11th ed. 2024) Contracts, § 499 [statutory licensure requirement does not apply "[w]here the contract price is less than $500"]; 9 Miller & Starr, Cal. Real Estate (4th ed. 2024) § 31:6 [licensure requirement "does not apply to work on a project where the combined value of labor, materials, and all other costs on one or more contracts is less than $500"].)

Our conclusion is further bolstered when section 7048 is construed in light of the entire statutory scheme. (*Pineda, supra*, 51 Cal.4th at pp. 529–530.) Here, where the Legislature intended to impose two substantive requirements in analogous statutory provisions, it did so expressly. For example, section 7027.2 provides that an unlicensed person may advertise for construction work if the aggregate price for the "project or undertaking is less than five hundred dollars ($500), *and* he or she states in the advertisement that he or she is not licensed under this chapter." (§ 7027.2, italics added; see also § 7044.) This is the precise approach the Legislature took in recent amendments to section 7048 itself. Assembly Bill No. 2622 amended the first paragraph of section 7048 to expressly impose an additional requirement. As effective January 1, 2025, section 7048, subdivision (a) will now read "This chapter does not apply to a work or operation on one undertaking or project by one or more contracts, if the aggregate contract price for labor, materials, and all other items, is less than one thousand dollars ($1,000) that work or operation being considered of casual, minor, or inconsequential nature, *and* the work or operation does not require a building permit." (§ 7048, as amended by Stats. 2024, ch. 240, § 2, italics added.) It is clear from this amendment that where the Legislature intends to impose additional substantive requirements to trigger the licensure exemption, it does so

10

through express language.  No such language is present in the version of the statute that applied to Carraman.

Carraman's argument requires us to read words into section 7048 which do not appear.  This we cannot do.  "In the construction of a statute or instrument, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted."  (*Manufacturers Life Ins. Co. v. Superior Court* (1995) 10 Cal.4th 257, 274, citing Code Civ. Proc., § 1858; *People v. Roach* (2016) 247 Cal.App.4th 178, 184 [declining to insert language into statute because intent to "'legislate by implication is not to be presumed'"].)

As the plain language of the statute is clear and unambiguous, we need not consider any other extrinsic aids in deciphering the Legislature's intent.  The trial court correctly determined that section 7048 imposed a single $500 threshold to bring Carraman's work within the exemption.  As it was undisputed that the contract price for Carraman's work fell within the $500 statutory threshold, the trial court correctly determined the exemption applied to Carraman's work and Labor Code section 2750.5 did not apply.

3.      *The Exception to the Exemption*

The second and third paragraphs of section 7048 set forth exceptions under which the licensure exemption does not apply.  Under the third paragraph, the exemption "does not apply to a person who advertises or puts out any sign or card or other device which might indicate to the public that he or she is a contractor or that he or she is qualified to engage in the business of a contractor."  (§ 7048.)  Carraman argues for the first time on appeal that

11

there remains a triable issue of material fact as to whether this third paragraph of section 7048 applied to Carraman.

As Carraman did not raise this argument below, he has forfeited the issue on appeal. When a motion for summary judgment has been granted, "[t]he opposing party may not raise an issue for the first time on appeal." (*Sanchez v. Swinerton & Walberg Co.* (1996) 47 Cal.App.4th 1461, 1465.) Carraman attempts to avoid this result by arguing that Pyburn had to disprove the possibility that the third paragraph applied to carry her burden in moving for summary judgment. He argues we must reverse because Pyburn did not affirmatively show the third paragraph of section 7048 was inapplicable to Carraman. We disagree.

"To prevail on summary judgment, the defendant no longer must conclusively negate the plaintiff's case. Given the difficulty of proving a negative, such a test is often impossibly high." (*Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 373.) "If the moving defendant argues that it has a complete defense to the plaintiff's cause of action, the defendant has the initial burden to show that undisputed facts support each element of the affirmative defense. Once it does so, the burden shifts to plaintiff to show an issue of fact concerning at least one element of the defense." (*Bacon v. Southern Cal. Edison Co.* (1997) 53 Cal.App.4th 854, 858.) "If, in anticipation of an affirmative defense, the complaint alleges facts to refute it, the pleadings themselves create 'a material issue which defendant[] would have . . . to refute in order to obtain summary [judgment].' [Citation.] In the absence of such allegations, the plaintiff can avoid summary judgment only by presenting evidence sufficient to raise a triable issue concerning the affirmative defense." (*Ibid.*)

12

Here, Carraman's complaint did not include any allegations regarding the application of section 7048. Accordingly, Pyburn was not required to negate the third paragraph of section 7048 to carry her initial burden in moving for summary judgment. Instead, it was enough for Pyburn to present evidence showing the licensure exemption from the first paragraph of section 7048 applied. Pyburn carried this burden by presenting evidence that the contract price for Carraman's work fell below the $500 threshold, triggering the exemption. Once Pyburn made this showing, the burden shifted to Carraman to raise a triable issue of material fact regarding the application of the exemption. It is undisputed that Carraman offered no argument on this point below.

Our California Supreme Court has recognized "that parties may advance new theories on appeal when the issue posed is purely a question of law based on undisputed facts, and involves important questions of public policy." (*Fisher v. City of Berkeley* (1984) 37 Cal.3d 644, 654, fn. 3 (*Fisher*).) Carraman attempts to avail himself of this rule, arguing that public policy considerations here warrant consideration of this point on appeal. We are unconvinced. The focus of this case is on the purely private question of whether Carraman held himself out as a licensed tree trimmer. The mere fact this question arises in the context of statutory licensing requirements is not enough; virtually every statute exists to vindicate some important public policy. (See, e.g., *Peterson v. John Crane, Inc.* (2007) 154 Cal.App.4th 498, 515 ["[t]he reasonableness of a section 998 award . . . does not involve an important question of public policy or public concern, but simply determines whether in this particular case a trial court abused its discretion in deciding how much one party should pay another"].)

13

In any event, the doctrine stated in *Fisher* is purely discretionary, and courts have declined to exercise this discretion.  (See, e.g., *Greenwich S.F., LLC v. Wong* (2010) 190 Cal.App.4th 739, 767.)  This is particularly true on summary judgment.  "'The rule which forbids raising a new issue for the first time on appeal takes on added significance in summary judgment proceedings because "[t]he moving party's burden on a motion for summary judgment is only to 'negate the existence of triable issues of fact in a fashion that [entitles] it to judgment on the issues raised by the pleadings.  [Citation.]  It [is] not required to refute liability on some theoretical possibility not included in the pleadings.'  [Citation.]'"  [Citation.]"  (*Jordan-Lyon Productions, Ltd. v. Cineplex Odeon Corp.* (1994) 29 Cal.App.4th 1459, 1472.)  For these reasons, we decline to consider Carraman's argument for the first time on appeal.

III.    *Alleged OSHA Violations*

Carraman also argues that Pyburn was not entitled to summary judgment because she did not address the OSHA violations alleged in his complaint.  In response, Pyburn argues the workplace safety requirements imposed by OSHA do not apply to independent contractors, citing *Seabright Ins. Co. v. US Airways, Inc.* (2011) 52 Cal.4th 590, 594.  In his reply, Carraman does not dispute this assertion.  He has therefore conceded this point.  (*Westside Center Associates v. Safeway Stores 23, Inc.* (1996) 42 Cal.App.4th 507, 529 [a party "effectively concedes" an issue by failing to address it in briefing]; *People v. Bouzas* (1991) 53 Cal.3d 467, 480 [an argument is conceded by failure to address it on appeal].)  Instead, Carraman contends Pyburn's argument is irrelevant because "the whole point of this appeal is to establish whether, in fact, Carraman *was* an independent

contractor." In other words, Carraman acknowledges that we need not reach his argument concerning the alleged OSHA violations if we determine that he was acting as an independent contractor.

Carraman bears the burden on appeal of establishing error by the trial court. (*Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 708 ["on appeal, the trial court's judgment is presumed correct, and the burden is on the Appellants to demonstrate reversible error. . . . This is true even on de novo review"]; accord *Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.) Carraman's only arguments on appeal regarding his status as an independent contractor concerned the application of the statutory licensure exemption under section 7048. We determined above that the trial court correctly interpreted and applied section 7048. In the absence of any other claimed error, we presume the trial court correctly determined Carraman was acting as an independent contractor. As Carraman concedes his arguments regarding the alleged OSHA violations fail if he is deemed to be an independent contractor, we need not address those arguments and decline to do so.

## DISPOSITION

The judgment is affirmed. Pyburn is awarded her costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ZUKIN, J.

WE CONCUR:

CURREY, P. J.                    COLLINS, J.

15